**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 17 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    18-50379 |
| Plaintiff-Appellee, | D.C. No. 3:17-cr-04413-DMS-1 |
| v. | |
| ROBERTO YOQUIGUA LOPEZ, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Dana M. Sabraw, District Judge, Presiding

Argued and Submitted May 5, 2020
Pasadena, California

Before:  GOULD and CHRISTEN, Circuit Judges, and HELLERSTEIN,[**] District Judge.

Defendant Roberto Yoquigua Lopez appeals his conviction and sentencing

for importing controlled substances in violation of 21 U.S.C. §§ 952, 960.  We

affirm the conviction but remand, without vacatur, for the district court to conform

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Alvin K. Hellerstein, United States District Judge for the Southern District of New York, sitting by designation.

its written judgment to its oral pronouncement of the conditions of supervised release.

## I

Lopez was arrested after crossing the border from Mexico into the United States when the Border Patrol discovered more than forty kilograms of methamphetamine and heroin in the car Lopez was driving.[1]  At trial for drug importation, Lopez presented a defense that he acted under duress because he had been kidnapped and the lives of his girlfriend and daughter had been threatened. The jury convicted Lopez on both counts of drug importation, and he was sentenced to 132 months in prison, with five years of supervised release.  On appeal, Lopez challenges: (1) the district court's refusal to seal, *ex parte* his pre-trial proffer of the prima facie case for his duress defense, (2) the denial of his motion to suppress post-arrest, pre-*Miranda* statements about his current occupation, and (3) the sentencing conditions of supervised release.

## II

Lopez challenges the district court's refusal to seal, *ex parte* his pre-trial proffer of the duress defense.  "[W]e review the [district] court's decision not to seal or proceed ex parte with [a defendant's] offer of proof [of duress] for abuse of

---

[1] Because the parties are familiar with the facts and procedural history of the case, we recite only those facts necessary to decide this appeal.

discretion." *United States v. Carpenter*, 923 F.3d 1172, 1178 (9th Cir. 2019).

## A

"[A] defendant is not entitled to present a duress defense to the jury unless the defendant has made a prima facie showing of duress in a pre-trial offer of proof." *United States v. Vasquez-Landaver*, 527 F.3d 798, 802 (9th Cir. 2008). A defendant may proffer a duress defense *ex parte* and under seal only upon a showing of a "compelling reason" for doing so. *Carpenter*, 923 F.3d at 1179; *see also Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006); *United States v. Thompson*, 827 F.2d 1254, 1258–59 (9th Cir. 1987).

Here, the district court concluded that Lopez had not made "a compelling showing of necessity" to proceed *ex parte* and under seal but instead merely recited that not doing so would "reveal[] confidential case strategy." Under our precedent in *Carpenter*, such purely general concerns about "being forced to . . . '[preview] all of the evidence and all of [a defendant's] own testimony supporting [the] duress defense'" are not sufficient on their own to constitute "compelling reason[s]." 923 F.3d at 1179. Although the district court could have been more thorough in how it conducted the required balancing of interests, the fact remains that Lopez did not make the threshold showing of a compelling reason, such that the court could "articulate[] the factual basis" for ruling in Lopez's favor, "without relying on hypothesis or conjecture." *Id.* (quoting *Ctr. for Auto Safety v. Chrysler Grp., LLC*,

3

809 F.3d 1092, 1096–97 (9th Cir. 2016)).  There was no error.

**B**

Even if the district court erred, such error was harmless.  First, if the district court did not adequately balance the competing interests, Lopez nonetheless did not articulate a compelling justification, supported by particular facts, for sealing his proffer *ex parte*.  Additionally, the only specific prejudice to which Lopez points is that "the government took advantage of his public duress proffer by calling a surprise rebuttal witness at trial and then relying on this witness at closing to claim Mr. Lopez fabricated his duress defense."  But this rebuttal testimony, about how long Lopez waited after being arrested to call his girlfriend (who was purportedly in danger), was just a small part of the government's case.  For example, the government presented evidence that Lopez had exclusive dominion and control over a car containing drugs worth more than $400,000, that he had lied to the Border Patrol on numerous occasions, and that he was previously convicted of a felony.  There was ample evidence, apart from the rebuttal witness, that impeached Lopez's credibility.  We conclude that if there was error, "the judgment was not substantially swayed by the error."  *United States v. Bruce*, 394 F.3d 1215,

4

1229 (9th Cir. 2005) (quoting *Kotteakos v. United States*, 328 U.S. 750, 765 (1946)).[2]

## III

We review the district court's denial of Lopez's motion to suppress *de novo*, *United States v. Zapien*, 861 F.3d 971, 974 (9th Cir. 2017) (per curiam), and we affirm. The post-arrest questioning about Lopez's occupation constituted "routine gathering of biographical data" to fill out a standard DEA-202 form and did not "constitute interrogation sufficient to trigger constitutional protections." *United States v. Williams*, 842 F.3d 1143, 1147 (9th Cir. 2016) (quoting *United States v. Gonzalez-Sandoval*, 894 F.2d 1043, 1046 (9th Cir. 1990)). We do not conclude, "in light of all the circumstances," that "the police should have known that [these questions] w[ere] reasonably likely to elicit an incriminating response." *Id.* (quoting *United States v. Booth*, 669 F.2d 1231, 1238 (9th Cir. 1981)). There is no evidence that the interviewing agent knew about Lopez's prior statements about his occupation at primary inspection. The agent had no reason to make the attenuated chain of inferences upon which Lopez bases his argument that the agent should have known his questions would elicit an incriminating response. Moreover, any error was harmless given other evidence showing that Lopez lied at border

---

[2] Although Lopez argues that a higher harmless error standard should apply, he does not advance any constitutional argument on appeal, beyond a cursory reference to constitutional rights.

inspection and the fact that, had he attempted to lie at trial about his pre-arrest statements at the border, the government would have been free to use his post-arrest statements for impeachment purposes. *Harris v. New York*, 401 U.S. 222, 224–26 (1971).

## IV

The district court erred by imposing written conditions of supervised release that conflicted with its oral pronouncement. Because the oral pronouncement was a "complete and unambiguous sentence" that imposed all standard and mandatory terms, it controls over the district court's conflicting written order applying conditions from an outdated version of the Sentencing Guidelines Manual. *See United States v. Napier*, 463 F.3d 1040, 1043–44 (9th Cir. 2006); *United States v. Hicks*, 997 F.2d 594, 597 (9th Cir. 1993). We remand, without vacatur, "so that the district court can make the written judgment consistent with the oral pronouncement." *Hicks*, 997 F.2d at 597. That correction will in turn cure Lopez's remaining constitutional claims. *See United States v. Evans*, 883 F.3d 1154, 1162 (9th Cir. 2018).

**AFFIRMED IN PART AND REMANDED IN PART.**